**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PAUL A. GARCIA, CALIBER CAPITAL MANAGEMENT, LLC, PARTNER MEDICAL SOLUTIONS, LLC, RICHARD T. WOODS, and CALIBER PARTNERSHIP I, LLC,<br><br>　　　　Defendants, and<br><br>ACER CAPITAL GROUP, INC. and GREENEONE.COM, INC.,<br><br>　　　　Relief Defendants. | Case No. 8:17-cv-00174<br><br>**FINAL JUDGMENT AS TO DEFENDANTS PAUL A. GARCIA, CALIBER CAPITAL MANAGEMENT, LLC, AND PARTNER MEDICAL SOLUTIONS, LLC AND RELIEF DEFENDANTS ACER CAPITAL GROUP, INC. AND GREENEONE.COM, INC.** |

# FINAL JUDGMENT

The Securities and Exchange Commission having filed a Complaint and Defendants Paul A. Garcia ("Garcia"), Caliber Capital Management, LLC ("CCM"), and Partner Medical Solutions, LLC ("Partner Medical") (collectively "Defendants") and Relief Defendants Acer Capital Group, Inc. ("Acer") and Greeneone.com, Inc. ("Greeneone") (collectively "Relief Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and Relief Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph X); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Garcia, CCM, and Partner Medical are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Garcia, CCM, and Partner Medical's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Garcia, CCM, or Partner Medical or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Garcia, CCM, and Partner Medical are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Garcia, CCM, and Partner Medical's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Garcia, CCM, or Partner Medical, or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Garcia and CCM are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any

applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Garcia and CCM's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Garcia or CCM or with anyone described in (a).

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)]], Garcia is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to

Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Garcia is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security; provided however that such injunction shall not prevent Garcia from purchasing or selling securities for his own personal account.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Garcia and CCM shall pay and are jointly and severally liable for disgorgement of $1,348,000, representing ill-gotten gains from the conduct alleged in the Complaint, plus prejudgment interest thereon of $59,549, for a total of $1,407,549 (the "Disgorgement Amount"); Partner Medical shall pay and is jointly and severally liable with Garcia and CCM for $1,271,806 of the Disgorgement Amount; Acer shall pay and is jointly and severally liable with Garcia and CCM for $991,445 of the Disgorgement Amount and is jointly and severally liable with Partner Medical for $907,911 of the Disgorgement Amount; Greeneone shall pay and is jointly and severally liable with Garcia, CCM, and Partner Medical for $362,851of the Disgorgement Amount; and once the Disgorgement Amount has been paid in full, Garcia, CCM, Partner Medical, Acer, and Greeneone shall not have further liability for disgorgement or prejudgment interest.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Garcia and CCM shall pay and are jointly and severally liable for a civil penalty in the amount of $1,348,000 ("Penalty Amount") pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act; Partner Medical shall pay

and is jointly and severally liable with Garcia and CCM for $1,218,000 of the Penalty Amount; and once the Penalty Amount has been paid in full, Garcia, CCM, and Partner Medical shall not have further liability for paying a civil penalty.

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Relief Defendants shall satisfy their disgorgement, prejudgment interest, and penalty obligations set forth in paragraphs VI and VII above by making the required payments to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants and Relief Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Payment may also be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center

Accounts Receivable Branch

6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the name of the Defendant or Relief Defendant making the payment; and specifying that payment is made pursuant to this Final Judgment.

Defendants and Relief Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making payment, Defendants and Relief Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to them.

1	The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants and Relief Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

2	The Commission may propose a plan to distribute the funds paid pursuant to this Final Judgment, together with any interest and income earned thereon (collectively, the "Fund") subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

3	Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Garcia, CCM, and Partner Medical shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on their payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of their payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Garcia, CCM, and/or Partner Medical (as applicable) shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this

paragraph, a "Related Investor Action" means a private damages action brought against Garcia, CCM, and/or Partner Medical, by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendants and Relief Defendants is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants and Relief Defendants shall comply with all of the undertakings and agreements set forth therein.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Garcia, and further, any debt for disgorgement, prejudgment interest, civil penalty, or other amounts due by Garcia under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Garcia of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  February 7, 2017

_____
UNITED STATES DISTRICT JUDGE